# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0775
Lower Tribunal No. CF21-009413-XX

_____

LORENZO GOLPHIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

September 6, 2024

WHITE, J.

Lorenzo Golphin appeals the judgment and sentence entered after he was found guilty of lewd molestation.[1] Golphin argues that the Monetary Obligations Order improperly imposes "Additional SAO Costs of Prosecution Fees" of $200 and

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

various supervision and monitoring charges, and the Judgment Lien improperly imposes "Cost of Prosecution" of $200.[2]  We agree.

"Costs for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged . . . .  The court may set a higher amount upon a showing of sufficient proof of higher costs incurred."  § 938.27(8), Fla. Stat. (2021).  Here, the statutory mandatory minimum amount of $100 for costs of prosecution is included in the $513 total costs for "Felony" in the Monetary Obligations Order.  The State did not request a higher amount or submit proof that it incurred more than $100 for costs of prosecution.  Therefore, the trial court erred by ordering Golphin to pay "Additional SAO Costs of Prosecution Fees" of $200 in the Monetary Obligations Order, and "Cost of Prosecution" of $200 in the Judgment Lien.[3]  *See Wasden v. State*, 342 So. 3d 298, 299 (Fla. 5th DCA 2022).

The trial court also erred by ordering payment of various supervision and monitoring charges in the Monetary Obligations Order.  Those charges are inapplicable here because Golphin did not receive a sentence of probation or community control.  He received a life sentence.

---

[2] Golphin's timely rule 3.800(b)(2) motion requested that the trial court correct those errors.  That motion was deemed denied, however, because the trial court did not rule on it within 60 days.  *See* Fla. R. Crim. P. 3.800(b)(2)(B).

[3] Although described differently in the order than it is in the lien, the $200 charge in both documents is for the same thing.

For the foregoing reasons, we reverse the improperly imposed provisions of the Monetary Obligations Order and the Judgment Lien. On remand, the trial court shall enter a corrected Monetary Obligations Order excluding the "Additional SAO Costs of Prosecution Fees" of $200 and various supervision and monitoring charges,[4] and a corrected Judgment Lien excluding the "Cost of Prosecution" of $200. Golphin's presence is not required for those ministerial corrections. *See Ayos v. State*, 275 So. 3d 178, 182 (Fla. 4th DCA 2019).

Otherwise, we affirm the judgment and sentence without further discussion.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

BROWNLEE and GANNAM, JJ., concur.

Howard L. "Rex" Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[4] Under "FDOC costs and fees," no box shall be checked, except the box reserving jurisdiction "per F.S. 960.291, et. seq."